UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC., d/b/a REHABCARE GROUP THERAPY SERVICES, INC., | )<br>)<br>)<br>) |
| Plaintiff(s), | )<br>) |
| vs. | ) Case No. 4:12CV1509 JCH<br>) |
| FUTURE FOCUS OF U-CITY, LLC, d/b/a ACKERT PARK SKILLED CARE COMMUNITY f/k/a SUNSHINE MANOR, | )<br>)<br>)<br>) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff RehabCare Group East, Inc.'s Partial Motion to Dismiss Counterclaim ("Motion to Dismiss"), filed on October 9, 2012. (ECF No. 10). This motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

Plaintiff RehabCare Group East, Inc. ("Plaintiff" or "RehabCare") is in the business of providing therapy services to residents of long-term care and nursing facilities. (Complaint, ¶ 2). Defendant Future Focus of U-City, LLC ("Defendant" or "Future Focus") entered into a written agreement with Plaintiff on or about January 19, 2010. (Id., ¶ 7). Pursuant to the agreement, Plaintiff would provide therapy services to patients at Defendant's Sunshine Manor facility. (Id.). According to Plaintiff, Defendant would pay for these services and be reimbursed by Medicare for all or a large portion of the fees paid to Plaintiff. (Id., ¶¶ 8, 16). Plaintiff alleges that "Defendant

---

[1]The Court takes its background information directly from Plaintiff's Complaint (ECF No. 1) and Defendant's Answer and Counterclaim (ECF No. 6).

failed to pay for services provided and invoiced . . . despite RehabCare's repeated demands for the sums due." (Id., ¶ 10).

Plaintiff filed this action in this Court on August 23, 2012, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's Complaint contains four counts: breach of contract, promissory estoppel, unjust enrichment, and account stated. On September 20, 2012, Defendant filed an Answer to Plaintiff's Complaint. Defendant also filed a Counterclaim containing six counts: Counts I through V alleged various breaches of contract, and Count VI alleged fraud. As indicated above, Plaintiff filed its Motion to Dismiss on October 9, 2012, alleging that Defendant's fraud claim fails to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff argues that Defendant has failed to plead its fraud claim with sufficient particularity, that Defendant's fraud claim is untenable under Missouri law, and that Defendant's fraud claim is barred because the basis of Defendant's fraud claim is the alleged breach of Plaintiff's contractual obligations.

## **STANDARD**

A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866,

870 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. Monson v. Drug Enforcement Admin., 589 F.3d 952, 961 (8th Cir. 2009).

## **DISCUSSION**

As an initial matter, the Court notes that the Federal Rules of Civil Procedure apply in an action in federal district court, even if state law provides the elements of the cause of action. See Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., No. 4:07CV1719, 2008 WL 2704481, at * 2 (E.D. Mo. July 2, 2008). "Thus, the applicable pleading standard is established by Federal Rule of Civil Procedure 9(b)." Id. (citing Sayre v. Musicland Group, Inc., 850 F.2d 350, 352 (8th Cir. 1988) (federal courts apply the Federal Rules of Civil Procedure to matters of procedure when considering non-federal questions in a diversity action); 2 James Wm. Moore, et al., *Moore's Federal Procedure* § 9.03[1][e] (3rd ed. 2007) ("[I]n an action in federal district court, even if state law provides the elements of fraud, claimants must plead the circumstances constituting the fraud with particularity under Rule 9(b).")).[2]

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9. The Eighth Circuit Court of Appeals recently explained the burden placed on a party alleging fraud:

> Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001) (quoting Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982), adhered to on reh'g, 710 F.2d 1361 (8th Cir. 1983)

---

[2]The Court also rejects Defendant's argument that Plaintiff has waived the right to challenge the specificity of Defendant's fraud allegations by failing to file a motion for more definite statement. See Mecklenburg Farm, 2008 WL 2704481, at *4 n.1.

(en banc)). In other words, the party must typically identify the "who, what, where, when, and how" of the alleged fraud. United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003). This requirement is designed to enable defendants to respond "specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." Abels, 259 F.3d at 920. The level of particularity required depends on, inter alia, the nature of the case and the relationship between the parties. Payne v. United States, 247 F.2d 481, 486 (8th Cir. 1957). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments Inc. v. Quality Inns Int'l Inc., 61 F.3d 639, 644 (1995). Rule 9(b) should be read "in harmony with the principles of notice pleading." Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (quoting Abels, 259 F.3d at 920).

BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). This standard has been consistently applied in this District and by this Court when the sufficiency of a fraud claim is at issue under Rule 9(b). See Mecklenburg Farm, 2008 WL 2704481; Graham Construction Servs., Inc. v. Hammer & Steel, Inc., No. 4:11CV1316, 2012 WL 685459 (E.D. Mo. Mar. 2, 2012).

This Court's decision in Hammer & Steel is instructive. In that case, the defendant filed a motion to dismiss a fraud claim because "[the plaintiff] d[id] not attribute the alleged false assurances to a particular H & S employee, nor d[id] it state *what* facts were allegedly represented by H & S that constituted assurances . . . . H & S further maintain[ed] [the plaintiff] allege[d] neither where nor how the alleged representations were made, nor to whom." Hammer & Steel, 2012 WL 685459, at *4 (internal quotations and citation omitted). In light of this litany of Rule 9(b) deficiencies, this Court granted the motion to dismiss the fraud claim and stated that "by failing to provide such basic information as the identity of the H & S employee(s) making the alleged representations, the content of such representations, and the manner in which they allegedly were untrue, Graham . . . deprived H & S of the opportunity to prepare an effective defense." Id.

Here, the same deficiencies are found in Count VI of Defendant's Counterclaim. Defendant's Counterclaim does not identify an employee to whom the alleged false representations complained

of may be attributed. Defendant simply avers that "RehabCare represented to Future Focus on several occasions that it would continue to provide the same level of services until completion of the Agreement." (Counterclaim, ¶ 39). Also, while stating that Plaintiff assured the "same level of services," the Counterclaim provides insufficient facts under Rule 9(b) as to what was actually represented. Again, "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property, 61 F.3d at 644. As in Hammer & Steel, 2012 WL 685459, at *4, Defendant "alleges neither where nor how the alleged representations were made, nor to whom." Thus, from the face of the Counterclaim, it is clear that the pleading standard of Rule 9(b) has not been met.

Additionally, Plaintiff correctly notes that "the mere failure to perform a contract cannot serve as the basis of tort liability." State ex rel. William Ranni Assoc., Inc. v. Hartenbach, 742 S.W.2d 134, 140 (Mo. 1987); Titan Const. Co. v. Mark Twain Kansas City Bank, 887 S.W.2d 454, 459 (Mo. Ct. App. 1994). Missouri law states that "[t]o ascertain whether an action is premised on contractual or tort liability, it is necessary to determine the source of the duty claimed to have been violated, and when the duty alleged to have been breached stems from a contract, the breach does not amount to a tort." Titan Const. Co., 887 S.W.2d at 459.

Here, Count VI of Defendant's Counterclaim restates the several preceding breach of contract claims as a fraud claim. Defendant's allegation that "RehabCare represented to Future Focus on several occasions that it would continue to provide the same level of services until the completion of the Agreement" creates no duty on the part of Plaintiff that is independent from Plaintiff's contractual duties. "The mere breach of a promise or failure to perform does not constitute a misrepresentation of fact . . . or create an action for fraud." Titan Const. Co., 887 S.W.2d at 459. Thus, amending the fraud claim contained in Count VI of the Defendant's Counterclaim would be futile, as Defendant

cannot sustain a fraud claim based on an underlying contractual obligation. See <u>U.S. ex rel. Lee v. Fairview Health Sys.</u>, 413 F.3d 748, 749 (8th Cir. 2005) ("Futility is a valid basis for denying leave to amend."). For this reason, the Court dismisses Count VI of Defendant's Counterclaim and declines to grant Defendant leave to amend its Counterclaim.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff RehabCare Group East, Inc.'s Partial Motion to Dismiss Counterclaim (ECF No. 10) is **GRANTED**.

Dated this  30th  day of November, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE